## DUNCAN & TOMPKINS v. RICHARDSON.

Notes—Assignee—Estoppel.—Where the maker of a note claims against it in the hands of the assignee of payee a certain amount which is allowed by assignee, this is an admission that note had been duly transferred and in his hands a valid claim, and maker is estopped from setting up defenses of failure of consideration and counter-claim.

Before Watts, J., Richland, fall term, 1901. Affirmed.

Action by Duncan & Tompkins against D. M. Richardson on following complaint:

"The plaintiffs, complaining of the defendant, allege:

"First. That John T. Duncan and Frank G. Tompkins now are and were at the times hereinafter mentioned copartners doing business under the name of Duncan & Tompkins.

"Second. That heretofore the defendant executed and delivered to R. E. Burriss, a promissory note, a copy of which is as follows: '$475. Columbia, S. C., February 8th, 1900. On November 1st after date, I promise to pay to the order of R. E. Burriss four hundred and seventy-five dollars. Value received. Payable at Farmers and Mechanics Bank, Co-

lumbia, S. C.    If not paid at maturity to bear interest there-
after at the rate of eight per cent. per annum.    D. M. Rich-
ardson (seal).    Witness: Wm. T. Aycock.    (Back of
note.)    R. E. Burriss.    Without recourse.    John T. Dun-
can.    May 9th.    Cr. by rent account $30.00."    10 cents reve-
nue stamps attached and cancelled.

"Third.    That thereafter and before its maturity, on or
about the 9th day of April, A. D. 1900, the said R. E. Bur-
riss, the payee of said note, sold, indorsed and delivered the
said note to the plaintiffs herein for valuable consideration.

"Fourth.    That said note at maturity was duly presented to
defendant maker for payment and payment refused.

"Fifth.    That the plaintiffs herein agreed previously to the
maturity to allow the defendant a credit of $30.00 for
equities claimed by him against said note, and that no other
payment or credit has ever been made thereon.

"Sixth.    That said note was given for the purchase of one-
half interest in the copartnership stock, business and assets
of J. H. Berry and R. E. Burriss, doing business under the
firm name of Berry & Burriss, in Columbia, S. C., and that
said stock, business and assets by reason of said sales are now
owned in copartnership by the defendant, D. M. Richardson,
and the said J. H. Berry, under the firm name of Berry &
Richardson, in Columbia, S. C.

"Wherefore, plaintiffs pray judgment against the defend-
ant: 1st.    For $445, with interest at eight per cent. from No-
vember 1st, A. D. 1900, and for the costs of this action.    2d.
That the Court certify on the process to be issued for the
satisfaction of this judgment that the same is issued for the
purchase money only of a one-half interest in the copartner-
ship stock, business and assets of the said firm of Berry &
Richardson, in Columbia, S. C."

The defendant served the following answer:

"The defendant above named, answering the complaint
herein, says: For a first defense:

"1. That he admits the truth of the allegations contained
in paragraphs 1, 2, 5 and 6 of the complaint.

"2. That he has not sufficient information to form a belief as to the allegations contained in paragraph 3 of the complaint.

"3. That as to paragraph 4 of the complaint, defendant admits that the note therein referred to was presented to him for payment, and refusal of the same, but denies that the said note has matured or become due and payable.

"4. That at the time when the note mentioned in the complaint was executed, it was understood and agreed by and between the parties thereto that there should be no liability on the same in case the maker thereof, the defendant herein, found himself unable to realize sufficient money out of the business and its assets, mentioned in the complaint, with which to meet the said note when it fell due; such agreement being part of the contract regarding such note.

"5. That the defendant has been unable to realize out of the said business and its assets sufficient money with which to meet said note at its expressed maturity, although he has carefully conducted said business from the time of his purchase as alleged in the complaint to the present; and has expressed readiness and has offered to render to the plaintiffs an accounting of all the business since the same has been in his hands, in order to establish that under the understanding and agreement aforesaid the liability on the said note has not yet accrued, but said offer was and is by them refused.

"For a second defense and by way of counter-claim:

"1. That he admits the truth of the allegations contained in paragraphs 1, 2, 5 and 6 of the complaint.

"2. That he has not sufficient information to form a belief as to the allegations contained in paragraph 3 of the complaint.

"3. That as to paragraph 4 of the complaint, defendant admits that the note therein referred to was presented to him for payment, and refusal of the same, but denies that the said note has matured or become due and payable.

"4. That the sum agreed to be paid by the note mentioned in the complaint was the amount agreed to be paid by the

defendant to R. E. Burriss for the interest owned at the time of the execution of the said note by the said R. E. Burriss in the business and assets of the firm of the said Berry & Burriss, and that the said note was based on the agreement to buy said interest, was conditioned on the accuracy and truthfulness of the statement of the condition of the said business rendered to the defendant by the said Berry & Burriss.

"5. That the statement referred to has been since found to be in many respects erroneous and faulty, and totally untrustworthy as a statement of the condition of the business.

"6. That the defendant in purchasing the said interest of R. E. Burriss assumed all debts of the firm of Berry & Burriss, as represented by the alleged statement above referred to, and that in consequence thereof and of the errors and mistakes in said statement contained, he has paid out of his own funds numerous and large debts of the firm outstanding when said statement was presented to him, of which he was not informed by said statement, nor in any other way, at the time said note was executed, to an aggregate amount much greater than the sum promised to be paid by the note aforesaid.

"7. That the defendant has expressed a desire and offered to account to the plaintiffs in order to establish that he has paid out of his own funds sums largely in excess of the amount agreed to be paid by said note, but that the plaintiffs have refused and do refuse to go into the accounting and statement thus offered.

"Wherefore, defendant demands judgment that an accounting be had of the matters alleged in this answer, and that the complaint herein be dismissed; for the costs of this action and for such other and further relief as may be just and expedient."

At trial plaintiff demurred as follows:

"The plaintiff herein demurs to the answer of defendant in that it appears on the face thereof that it does not in either the first or second defense, state facts sufficient to constitute a defense or counter-claim.    In that:

"1. As to the first defense: The special defense set up in paragraphs 3. 4 and 5 contradicts and varies the terms of the written instrument sued on in the complaint, and admitted in the said defense.

"2. The alleged agreement as set out in said defense was not to be performed within a year. Nor is it alleged that there was any memorandum of the same signed by either party thereto, and as such was in violation of the statutes of frauds.

"3. As to the second defense by way of counter-claim: The counter-claim as here set out must either be taken as a tort against the defendant by the payee of the instrument sued on, and Berry doing business as copartner, in which case it fails to state that there was fraud, or that the said Berry and Burriss or that either of them knew of the alleged faultiness in the alleged statement, or it must be taken as a plea that there was a want of consideration for the execution and delivery of said instrument sued on, in which case the counter-claim fails, or the want of consideration cannot be raised against an instrument under seal.

"4. The counter-claim alleged herein is against a partnership, Berry & Burriss, and cannot be set up against one of the individuals, or those holding under him.

. "The Court: I do not see that Mr. Aycock denies anything. He admits 1, 2, 5 and 6, that leaves 3 and 4. As to the 3d. he says he has not sufficient information to form a belief as to the allegation contained in paragraph 3, and he stopped ; he ought to have gone on and denied the thing, as he had a right to do. As to the 4th, defendant admits the note was presented for payment and refused, but denies said note has matured. I do not see that he denies anything. I think this demurrer will have to be sustained. I do not think it sufficiently alleges want of consideration, and does not allege fraud. More particularly, because of the fifth allegation in this complaint, which is admitted : 'That the plaintiffs herein agreed previously to the maturity to allow the defendant a credit of $30.00 for equities claimed by him against said note

20—64

and that no other payment or credit has ever been made thereon.' Now the plaintiff alleges that and the defendant admits it. In accordance with the Supreme Court, in the case of *Gem Chemical Co.* v. *Youngblood & Cothran,* 58 S. C., 56, this defendant now will be estopped from claiming anything. That will come in as a note account stated, and accepted by him, and when you put in a claim of $30 in equity arising out of this, and they allege accepted, he is now estopped from questioning the consideration of that note, whether or not it was fraudulent or anything of that sort. Your answer does not set up a failure of consideration sufficiently, and does not sufficiently allege fraud; then by your admission in fifth paragraph of the complaint and your man claiming a credit of $30, he is now estopped from questioning anything that took place up to that time. The sole issue for the jury to determine is whether or not—there is no controversy now except as to the denial of paragraph 3 and whatever is in paragraph 4.

"Mr. Aycock: I move to allow me to amend my answer by striking out the admission of the fifth paragraph, and insert in lieu thereof that the plaintiffs having allowed the defendant a credit of $30 as an equity claimed by him against said note and not in satisfaction of his claim against the same.

"The Court: You mean they offered him $30 and he refused to accept it. If you want to amend by saying they offered him $30 by way of compromise and he refused to accept it, I will allow your amendment to that effect.

"Mr. Aycock: We do not mean that was the only equity he claimed. I understood that was merely one equity and the only one upon which they had agreed.

"The Court: I do not think I will allow it. It strikes me your man got all he purchased; he purchased this man's interest in a stock of goods and gave a note, and that note matured and was to be paid at a certain time, and he has not alleged fraud sufficiently and no failure of consideration. I do not think you have shown any defense. I will sustain

the demurrer on these grounds, and submit the other issue to the jury."

From judgment for plaintiff, defendant appeals.

*Mr. W. T. Aycock,* for appellant, cites: *Sealed note is not negotiable and transferree takes it subject to all defenses against first payee:* 2 Speer, 193; 63 S. C., 433. *Parol agreement as to consideration is binding:* 13 S. C., 331. *It is not void under Statute of Frauds:* 26 S. C., 88. *What constitutes the allegation of an account stated?* 2 Ency. P. & P., 1024; 17 Or., 523; 22 Minn., 413; 34 N. Y., 483; 7 S. C., 21. *Failure of consideration may be shown to instrument under seal:* 57 S. C., 95; 42 S. C., 28.

*Mr. Frank G. Tompkins,* contra, cites: *Terms of written contract cannot be varied by parol:* 54 S. C., 335. *By admitting fifth allegation of the complaint, defendant is estopped from setting up defenses alleged:* 58 S. C., 56; 27 S. C., 226. *Counter-claim based on misrepresentation cannot be pleaded in defense to note:* 3 S. C., 352; 57 S. C., 98; 13 S. C., 332; 58 S. C., 426; 6 Ency., 2 ed., 782.

June 21, 1902. The opinion of the Court was delivered by

MR. J. H. HUDSON, *acting Associate Justice, in place of* MR. JUSTICE GARY, *disqualified.* On the 8th day of February, 1900, D. M. Richardson purchased of R. E. Burris his interest in the business of Berry & Burris, copartners in trade in the city of Columbia, S. C., under the firm name of Berry & Burris, which said interest consisted of one-half of the assets, stock and business of said concern. In payment of the said purchase Richardson gave to Burris a note under seal as follows: "$475. Columbia, S. C., February 8, 1900. On November 1st after date, I promise to pay to the order of R. E. Burris four hundred and seventy-five dollars, value received. Payable at Farmers and Merchants Bank, Columbia, S. C. If not paid at maturity to bear interest there-

after at the rate of eight per cent. per annum.  D. M. Richardson.  (Seal.)  Witness:  W.  T.  Aycock.  (On back of note:)  R.  E.  Burris without recourse.  J.  T. Duncan.  May 9th, credit by rent account $30."  10 cts. revenue stamp attached and cancelled.

On the 9th day of April, 1900, for valuable consideration, R. E. Burris sold, indorsed and delivered this note to the plaintiffs, who after its maturity commenced this action against the maker, D. M. Richardson.  Among the allegations of the complaint is the following:

"*Fifth.* That the plaintiff herein agreed, previously to the maturity, to allow the defendant a credit of $30 for equities claimed by him against said note, and that no other payment or credit has ever been made thereon."  This allegation of the complaint is admitted by the defendant, as are also paragraphs 1, 2 and 6, leaving only the third and fouth paragraphs denied.  The defendant sets up against the note two defenses, which are in substance as follows, viz: *First.* That at the time the note was given, it was agreed that the same should not be paid, and should be null and void unless the defendant's share of the profits of the firm of Berry & Richardson should be sufficient for that purpose, and that he has from said business realized nothing.  *Second.* And as a counter-claim, that the defendant, in buying the interest of R. E. Burris in the partnership of Berry & Burris, acted upon a statement of the affairs of said firm which afterwards proved to be erroneous, and that he has had to pay debts of said firm to an amount greater than the amount of said note, so that the consideration has entirely failed.  The plaintiffs demurred to the answer of the defendant, which demurrer was sustained by the Circuit Judge, who submitted the case to the jury upon testimony bearing only upon the third and fourth allegations of the complaint, which alone were not admitted in the answer, and which raise but two questions, to wit: was the note sold and delivered for value before maturity by Burris to the plaintiffs, and has it been paid.  The

jury found for the plaintiffs, and the appeal comes up on exceptions by appellant, as follows:

"1. For that his Honor erred in sustaining the demurrer and holding, 'More particularly because of the fifth allegation in the complaint, which is admitted: That the plaintiffs herein agreed previously to the maturity to allow the defendant a credit of $30 for equities claimed by him against said note, and that no other payment or credit has been made thereon.' Now, the plaintiffs allege that and the defendant admits it. Your answer does not set up a failure of consideration sufficiently and does not allege fraud, then by your admission of the fifth paragraph of the complaint, and your man claiming a credit of $30, he is now estopped from questioning anything that took place up to that time. There is no controversy now except as to paragraph 3 and whatever is in paragraph 4.' In other words, holding that the admission in the answer of the fifth paragraph in the complaint constituted the allegation of an account stated.

"2. For that his Honor erred in refusing to allow the defendant to amend his answer by striking out the admission therein of the fifth paragraph of the complaint and inserting, 'The plaintiffs allowed the defendant a credit of $30 as an equity claimed by him against said note and not in satisfaction of his claim against the same.'

"3. For that his Honor erred in refusing to allow the defendant when on the witness stand to answer the question propounded by his attorney: 'It is alleged in the complaint that the plaintiff herein agreed previous to maturity to allow the defendant a credit of $30 for equities claimed by him against said note, and that no other payment or credit has ever been made thereon; was that the only credit which you claimed on that note?' (Objection made and sustained.)

"4. For that his Honor erred in refusing to allow the defendant when on the witness stand to answer the question propounded to him by his attorney: 'In paragraph 3 of the answer it is admitted that the note therein referred to was presented to you for payment and you refused the same, and

that you denied said note had matured or become due and payable; under your understanding with the payee of this note, had it become due and payable at that time?' (Objection made and sustained.)"

We do not deem it necessary to consider and pass upon these exceptions in detail, nor to follow the learned counsel for the appellant in his argument as to what is an account stated, as we do not think the question of what is or what is not an account stated is involved in the case. The Circuit Judge in sustaining the plaintiffs' demurrer did so because he regarded the admission by the defendant of the fifth paragraph of the plaintiffs' complaint as fatal to the other defenses attempted to be set up, not because it showed that an account had been stated between the plaintiffs and the defendant, but because the admission of such an agreement as is therein alleged estopped the defendant from setting up the equities or defenses to said note interposed in his answer. He then had the opportunity, and it was his duty to make known to the plaintiffs the real consideration of the note and the conditions as to maturity and payment, if such existed. But instead of doing so, he, on the day of the transfer, claimed as against the note a credit of $30 and nothing more in the way of an equity, and this was allowed by the plaintiffs and indorsed on the note. This was a distinct admission that the note had been given, that it had been duly transferred to the plaintiffs, and that it was in their hands, a valid claim to the amount of the note less the $30. The Circuit Judge so held, and in this we think he was correct.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be affirmed and that the appeal be dismissed.

For a full understanding of the issues involved and decided, the complaint, the answer and the rulings of the Circuit Judge should by the Reporter be set forth in his report of this case.