### 8776

VIRGINIA-CAROLINA CHEMICAL CO. v. HUNTER *ET AL.*

(81 S. E. 190.)

FRAUDULENT CONVEYANCES. JURISDICTION. RES JUDICATA. MODIFICATION OF ORDER OF SALE.

1. Where, in a suit by creditors to set aside mortgages, etc., as in fraud of creditors, the debtor in whom was the legal title to the property and the lien creditors were parties, the Court had jurisdiction to order sale of the property.
2. Where, in a suit by creditors to set aside a mortgage as fraudulent, and for the appointment of a receiver, etc., the referee advised a sale of the property, an order directing its sale was *res judicata,* if there was no appeal from the order. The propriety of the order could not be reconsidered in the absence of a change of conditions, such as payment or arrangement of outstanding debts.
3. If, in proceedings by creditors to set aside fraudulent conveyances and have the property sold, etc., a change of conditions is shown after the order was made ordering the sale of the property, such as the payment or arrangement of a part of the debts, a subsequent Judge could modify the order to meet the changed conditions.

Before DEVORE, J., Laurens, July, 1913. Affirmed.

Creditors' bill by the Virginia-Carolina Chemical Company against G. Wash Hunter and others. From an order directing the sale of certain property by receivers, defendants appeal.

*Mr. Fred. H. Dominick,* for the appellants.

*Messrs. Grier & Park* and *Dial & Todd* for the respondents.

April 1, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is the third time this case has been before this Court. The former judgments of this Court appear in 84 S. C. 214, 66 S. E. 177, and 94 S. C. 65, 77 S. E.

The plaintiff filed a creditors' bill and asked for the calling in of creditors and the appointment of a receiver of the debtor's property. It was referred to Hon. Frank B. Gary to hear and determine all questions of law and fact and to report any special matter. The referee reported, among other things, as follows:

"I find as matter of law that there has been such fraudulent disposition of his property on the part of the defendant, G. Wash Hunter, as makes it proper for the receivership and injunction in this case heretofore granted, to be continued, and to the end that all creditors may be protected, the Court, through its receiver, should take charge of the property of the said Hunter, convert it into cash and pay off the various claims according to their respective priorities."

There were exceptions to this report, but the case fails to disclose the exceptions. The case was heard by Judge Gage, who adjudged, "It is ordered that the report of Hon. F. B. Gary be, in all respects, confirmed and made the decree of this Court." From this judgment the appellant appealed to this Court, which affirmed the judgment of Judge Gage. The referee advised the sale, though the creditors had not been called in.

When the case was next called on Circuit, Judge DeVore made an order of sale and fixed the time, terms, etc., of sale.

From this order this appeal is taken on the following exceptions:

"1. Because his Honor, the presiding Judge, had no jurisdiction to pass so much of said order as provides for the sale of all the lands and property of said G. Wash Hunter and reduction of all his assets to cash, there being no testimony, report, finding or recommendation before him in said case showing that it is necessary for all of the property or any part thereof to be sold and same reduced to cash, none of the claims against the said Hunter having been proved, as required by law, except the claim of the plaintiff."

"2. Because his Honor, the presiding Judge, had no jurisdiction to pass said order and erred in so doing, on account of the fact that there had been no general call for creditors and it had not been established or shown that it is necessary for all of the property of the said G. Wash Hunter, or any part thereof, to be sold and his assets reduced to cash."

"3. Because his Honor, the presiding Judge, erred in passing said order in so far as said order relates to the sale of all the property of the defendant, Hunter, and the reduction of his assets to cash, on account of the fact that the testimony and the facts are not sufficient to support the said order."

These exceptions cannot be sustained.

So far as the case shows, the debtor, in whom was the legal title, and the lien creditors were before the Court and the Court therefore had the jurisdiction to order a sale. The referee advised a sale. The question as to the advisability of that recommendation, was a proper subject to be raised on the application for a confirmation of his report. If the question was raised, it was decided by the order of Judge Gage, and if decided adversely to appellant, then it was a proper ground of appeal from Judge Gage's order. This question not hav-

ing been excepted to, or having been excepted to, and the exception not sustained, the matter became *res judicata.* The only question raised here is to an order of sale and that we have seen is *res judicata.*

Of course if the defendant had shown a change of conditions such as the payment or arrangement of some 2, 3 or all of his debts a subsequent Judge would have had the right to modify the order to meet the changed conditions. No such change was shown.

MR. JUSTICE GAGE took no part in the decision of this cause.