14885

WALKER v. HANNON *ET AL.*

(3 S. E. (2d), 243)

August, 1938.

*Messrs. Carlisle, Brown & Carlisle,* for appellant,

*Messrs. L. G. Southard*, for Receivers of J. N. Cudd, *Perrin & Tinsley*, for Receiver of J. J. Cudd, *Donald Russell, Osborne & Butler, Lyles & Daniel, Jennings L. Thompson, D. W. Galloway, J. C. Wrightson, Evans, Galbraith & Holcombe, C. M. Drummond, R. B. Pasley, C. Y. Brown, Wolfe & Forte* and *Hall, Vassy & Hall*, for certain creditors of J. N. Cudd and J. J. Cudd, respondents,

May 29, 1939.

The opinion of the Court was delivered by MR. G. DUN-CAN BELLINGER, ACTING ASSOCIATE JUSTICE.

This appeal arose out of two proceedings pending in the Court of Common Pleas for Spartanburg County, to wit: The receivership proceedings of J. N. Cudd, entitled *C. H. Dixon, etc., Plaintiff, v. J. N. Cudd et al., Defendants,* and the receivership proceedings of J. J. Cudd,

entitled *Southern Trust Company, etc., Plaintiff, v. J. J. Cudd et al., Defendants.* The record fails to explain why, or how, the caption of the case now before this Court became entitled *L. P. Walker, Appellant, v. R. A. Hannon and John L. Lancaster, as Receivers of J. N. Cudd, Jesse W. Boyd, as Receivers of J. J. Cudd, as Receivers of certain banks and other creditors of the estate of J. N. Cudd and of the estate of J. J. Cudd,* especially so since the appeal is from an order of the Honorable T. S. Sease, resident Circuit Judge, dated August 8, 1938, and captioned both in the case of *Southern Trust Company v. J. J. Cudd* and in the case of *C. H. Dixon v. J. N. Cudd.* As no point was raised as to the erroneous caption, we will disregard it, except to say that it but adds confusion to a very complicated record.

The appeal is from an order of his Honor, Judge Sease, captioned in both proceedings, filed August 9, 1938, dismissing the petition of L. P. Walker praying for modification in certain respects of an order passed by Judge Sease on July 15, 1938, which order in turn revoked certain previous orders passed in the receivership proceedings of J. N. Cudd and in the receivership of J. J. Cudd, relating to the sale of a business property in Spartanburg, South Carolina, known as the "Elite Building."

There were six orders passed looking towards the sale of the "Elite Building" before the order appealed from was filed August 9, 1938, the several orders being tabulated as follows:

| Name of Judge | Proceeding | Date of Filing | Effect of Order |
|---|---|---|---|
| 1. Sease.... | (J. J. Cudd).... | June 17..... | Conditionally accepting Walker bid of $67,500.00. |
| 2. Sease.... | (J. J. Cudd).... | July 7...... | Revoking order filed June 17 and accepting Walker bid of $67,500.00. |
| 3. Oxner.... | (J. N. Cudd)... | July 9...... | Accepting Walker bid of $67,500.00 and directing J. N. Cudd receivers to join in deed. |

4. Sease.... (Both) ........ July 16..... "Revoking the orders already signed looking to a sale" and directing that bids be advertised for and opened July 25.

5. Sease.... (Both) ........ July 25..... Accepting Walker bid of $72,901.00.

6. Sease.... (Both) ........ August 9....Dismissing Walker petition. This is the order appealed from.

The appellant acquired the "Elite Building" for Seventy-two Thousand Nine Hundred and One and No/100 ($72,-901.00) Dollars, by compliance with Judge Sease's order of July 25, 1938.

The appellant's contention is that Judge Sease's order overruling his petition should be reversed and that he should be restored to the status which he occupied by virtue of the orders of July 7 and July 9, 1938, respectively. That is, that he became subrogated to the rights of the parties who consented to the sale to appellant for the sum of Sixty-seven Thousand Five Hundred and No/100 ($67,500.00) Dollars.

The appellant was not a party of record to either of the receivership proceedings.

The facts surrounding the issuance of the orders of July 7 and July 9 as set forth in the record satisfactorily show that those orders were signed upon condition that they were to be consented to by the attorneys for all of the creditors of record in each receivership proceeding before they should be filed and thereby become effective. However, for some unexplained reason, the orders were filed in the office of the Clerk of Court for Spartanburg County notwithstanding they had not been consented to by all parties of record, and therefore should not have been filed, and were without legal force or effect. It was, we think, therefore, properly the duty of Judge Sease to judicially declare such orders of no force and effect, as he did do by his order dated July 15, 1938. At the hearing before Judge Sease on July 14, 1938, appellant, although not a party to

the proceedings, was represented by counsel who opposed the passage of the order of July 15, 1938.

The appellant, notwithstanding that he was not a party of record, acted as though he considered himself such, and the respondents by their conduct treated him as if he were a party. If appellant were a party by reason of the interest he acquired in the subject-matter of the action, namely the "Elite Building," or if he became a party by his course and conduct, and if he considered himself aggrieved by the order of Judge Sease, dated July 15, 1938, he should have appealed to this Court from that order, within the time prescribed by law. Not having so appealed, he waived his right thereto, and also any right to later question the legality of that order.

This Court has consistently held, that an order not appealed from is binding on all parties before the Court constitutes the law of the case and, when questioned, is *res judicata. Durant v. Staggers, 2* Nott & McC., 488; *Kerchner v. Singletary,* 15 S. C., 535; *Virginia-Carolina Chemical Co. v. Hunter,* 97 S. C., 31, 81 S. E., 190; *Bowling v. Mangum,* 122 S. C., 179, 115 S. E., 212; *Georgian Co. v. Britton,* 141 S. C., 136, 139 S. E., 217; *Carolina Baking Co. v. Geilfuss,* 169 S. C., 348, 168 S. E., 849.

If, as shown by the record, the appellant acquired no interest in the subject-matter of the action, because of the fact that the orders of the 7th and 9th of July were not consented to as prescribed by Judge Sease and Judge Oxner, as a condition precedent to their being filed, and becoming effective, he was without legal authority to question Judge Sease's order of July 15, 1938, then or at any other time.

However, after buying the property in for Seventy-two Thousand Nine Hundred and One and No/100 ($72,901-.00) Dollars, pursuant to the terms of the order of Judge Sease, dated July 25, 1938, and complying with the terms of sale and acquiring a deed to the "Elite Building," the ap-

pellant attempted to have Judge Sease review his order of July 15, 1938, by the petition and rule set out in the record.

Appellant, by participating in the bidding and later joining in the consummation of the sale, waived any right to object to the order of sale and is now estopped in his effort to attack that order. At that time appellant had knowledge of all the facts, as well as the opportunity to object and it was his duty to speak. *Southern R. Co. v. Day,* 140 S. C., 388, 138 S. E., 870; *Bull v. Rowe,* 13 S. C., 355; *Duncan v. Richardson,* 64 S. C., 301, 42 S. E., 108.

In this case appellant seeks to gain a benefit to himself by having acquiesced in the bid and sale and then later attacking the order providing for such bid and sale which would, if successful, enrich him by Five Thousand and No/100 ($5,-000.00) Dollars and cause that loss to those who relied upon his silence and apparent acquiescence. Equity will not permit this and he is now estopped to protest against the terms of the order of sale. *Welch v. Edisto Realty Co.,* 170 S. C., 31, 169 S. E., 667; *King v. Ligon,* 180 S. C., 224, 185 S. E., 305.

We have considered all of the exceptions, but find them without merit and they are, therefore, overruled and the appeal dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.