16580

JOHNSON v. BOARD OF COM'RS OF POLICE INSURANCE & ANNUITY FUND OF STATE

(68 S. E. (2d) 629)

*Messrs. John E. Stansfield,* of Aiken, *and John W. Crews and Heyward Brockinton,* of Columbia, *for Appellant,* cite:

*Messrs. Williams & Busbee,* of Aiken, *for Respondent,*
cite:

January 11, 1952.

TAYLOR, Justice.

This appeal involves the sustaining of a demurrer to that portion of appellant's answer which is denominated as the third or "affirmative defense".

In 1944 suit was instituted by the respondent against appellant contending that he is entitled to benefits for total

disability. The matter came on to be heard before the Honorable G. Duncan Bellinger, Presiding Judge, on November 30, 1944. At the conclusion of the evidence appellant moved for a directed verdict in its behalf which was refused. Immediately thereafter, counsel for both parties entered into a conference, as a result of which a compromise settlement was agreed to by which it was stipulated that a verdict be rendered against appellant in the sum of $1,800.00 and that appellant pay to respondent further disability benefits commencing with the month of December, 1944, at the rate of $50.40 per month, so long as his total permanent disability continues and provided that respondent be listed as a member of the Peace Officer's Association upon payment of the monthly dues. As a result of this agreement an order was entered by the Presiding Judge directing the verdict as aforesaid and providing that the monthly dues be deducted each month from the disability payment. At some time thereafter, appellant reduced the amount of the monthly payments, and the present action is brought for an accounting and a declaratory judgment.

The complaint (omitting the formal parts) appears as follows:

"III. That on December 1, 1944, a judgment was entered in the office of the Clerk of Court at Aiken, as set forth in the annexed order hereby made part hereof and referred to as often as may be necessary; and the judgment roll in this action is referred to and made part of this complaint and will be exhibited to the Court at all hearings or trials herein or hereof.

"IV. That some time after the entry of this judgment, the defendant began to reduce the amounts agreed upon and adjudged to be paid to the plaintiff in the action hereinabove set forth, ranging the payment at from fifty and 40/100 ($50.40) dollars down to twenty-four and 64/100 ($24.64) dollars. This plaintiff is informed and believes that these reduced payments are in violation of the order and judgment herein, which order and judgment were made to con-

firm a contract and agreement entered into by and between the plaintiff and the defendant, that the amounts set forth in said order and judgment would be paid to the plaintiff and the plaintiff is informed and believes that such became a contract agreement duly confirmed by the Court, and thereby became a judicial decision that the defendant can neither impair nor disregard, the same not having been appealed from.

"V. This action is brought for the purpose of having this Honorable Court declare what the status of the plaintiff is with regard to this matter.

"*Wherefore,* plaintiff prays:

"(1) That the status of the plaintiff towards the defendant be declared to be as set forth in the order of December 1, 1944.

"(2) For an accounting for the unpaid balance due by the defendant to the plaintiff.

"(3) And for such other and further relief as plaintiff may be entitled to."

The answer (omitting the formal parts) after setting up a general denial appears as follows:

"1. That this defendant admits Paragraphs 1, 2 and 3 of the complaint.

"2. In answering Paragraph 4 of the complaint this defendant denies so much thereof as alleges that the defendant violated the Order and Judgment of the Court in the foregoing cause of action and denies that the said order referred to in Paragraph 4 of the complaint constituted a contract or a confirmation of a contract or agreement entered into by and between the plaintiff and defendant; and further denies that the said order constituted a contract confirmed by the Court and thereby became a judicial decision that the defendant neither can impair or disregard. This defendant admits so much of Paragraph 4 of the complaint as alleges that the disability payments were reduced from time to time.

"3. In answering Paragraph 5, of the complaint, this defendant has not sufficient information concerning the said allegation in Paragraph 5 and therefore denies the same.

"Further answering the said complaint and by way of affirmative defense this Defendant alleges:

"1. That the plaintiff and the judgment referred to and described in said complaint was and is at all times subject to administrative action on the part of the defendant and also subject to legislative enactment effecting the Police Insurance and Annuity Fund and the Board of Commissioners thereof, which administrative action and changes and legislative acts and changes are hereinbelow more specifically set forth.

"2. That Section 3812-5 Volume 2 1942 Code of Laws of South Carolina provides as follows: 'All rights and benefits provided herein shall be subject to future legislative change or revision and no beneficiary shall be deemed to have any vested right thereto.'

"3. That section 3811-7 Volume 2 1942 Code of Laws of South Carolina provides as follows: 'In case the amount derived from the different sources mentioned and included in this article shall not be sufficient at any time to enable the said board of commissioners to pay each person entitled to the benefits thereof, in full, the insurance granted, or annuity allowed, then an equitably graded percentage of such monthly payment or payments shall be made to each beneficiary until said fund shall be replenished sufficiently to warrant the resumption thereafter of such insurance or annuity pay to each of said beneficiaries.'

"Pursuant to and by virtue of the authority of the above quoted section the defendant at its meeting on April 1, 1948, passed a resolution reducing monthly benefits to disability beneficiaries as well as those on retirement pay, on account of service and age, thirty-three and one-third (33 and 1/3) per cent. on account of lack of funds, and in order to avoid depleting the entire fund which was in dire straits and

distress and was insufficient to pay in full monthly disability benefits to disabled claimants.

"4. That on July 7, 1949, at a meeting of the defendant board a resolution was passed restoring thirteen and one-third (13 and 1/3) per cent. of the thirty-three and one-third (33 and 1/3) per cent., leaving a twenty (20) per cent. reduction from the monthly disability payments to the beneficiaries.

"5. That on September 1, 1949, at a meeting of the defendant board a resolution was passed restoring the twenty (20) per cent. reduction, effective November 1, 1949, and discontinued the said twenty (20) per cent. reduction restoring the original payments, subject, however, to the provision of the schedule of payments contained in the act of the legislature hereinbelow referred to.

"6. That at the 1949 session of the General Assembly [Act May 26, 1949, 46 St. at Large, p. 273] a schedule of the disability benefits were adopted and it was intended that same should apply to all previous adjudicated claims as well as future claims, and the applicable words thereof are as follows: 'That the schedule of benefits set out in Section 3812-2a above shall be applicable to all total and permanent disability recipients regardless of whether such recipient became permanently and totally disabled prior or subsequent to the effective date of the Act providing for the amendments above set out.' [Section 4.]

"7. That the judgment referred to in the complaint adjudicating the fact that the plaintiff was permanently and totally disabled and therefore eligible to receive benefits under the said Police Insurance and Annuity Act did not establish a preference or a prior claim to all other claimants to the said fund. The defendant is informed and believes that the said claim of plaintiff falls within the same classification as all other disability claims without priority or preference."

To this answer the following demurrer and motion to dismiss were duly served:

*"Please take notice,* that the plaintiff demurs to the defense set up in the answer herein, upon the following grounds, to wit:

"I. (a) That the answer does not state facts sufficient to constitute a defense, in that it undertakes to relitigate the issues already litigated in a former action between the same parties.

"(b) Because the answer seeks to annul the judgment obtained by the plaintiff, by pleading legislative enactments passed since the verdict was obtained, which would be a taking of the property of the plaintiff without due process in violation of the Constitution of the State and of the United States.

"(c) Because the answer seeks to have one Circuit Judge change the judgment and order of another Circuit Judge in an action that was not appealed from."

The matter came on to be heard by the Honorable E. H. Henderson in Aiken, South Carolina, who filed his order dated June 5, 1951, sustaining respondent's demurrer to that portion of the answer which is denominated an affirmative defense. Hence this appeal which, according to appellant, presents the following questions:

1. Was the contract between the parties such as to be subject to administrative and legislative changes?

2. Was the judgment of December 1, 1944, not a final judgment but an interlocutory one?

3. Is the doctrine of *res judicata* applicable?

4. What effect did the Act of 1949 have on plaintiff's status in relation to the fund?

5. Did rendition of the verdict convert the interest of plaintiff in the Police Insurance and Annuity Fund into a vested interest?

Under the agreement entered by counsel at the conclusion of the evidence upon trial of the cause in 1944, it was stipulated that the verdict be rendered in favor of respondent for $1,800.00 to cover past disability benefits, each side to pay

one-half of the cost to be taxed by the clerk. It was further stipulated that the defendant pay the plaintiff disability benefits in the future commencing with the month of December, 1944, at the regular rate of $50.40 per month provided that he be reinstated as a member of the Peace Officers' Association, as he is now a Magistrate of Aiken County at Windsor, so long as his total permanent disability continues and he pays the regular monthly dues to the Association at the rate of $2.00 per month, "or whatever amount the prevailing monthly dues may be in case they are increased or decreased by the proper authorities".

As a result of this stipulation, an order was issued by the Presiding Judge accordingly, the pertinent portion of which appears as follows: "It is further Ordered, Adjudged and Decreed that the defendant pay unto the plaintiff disability benefits and monthly installments of fifty dollars and forty cents ($50.40), commencing with the month of December 1st, 1944, at the rate of $50.40 per month, so long as his total permanent disability continues; that the plaintiff be reinstated as a member of the Peace Officers' Association, and that he do pay regular monthly dues to said association of two ($2.00) dollars per month, and that the said dues be deducted by the defendant from his monthly disability benefit checks in the sum of $2.00 per month or whatever amount the prevailing monthly dues may be in case they are increased or decreased by the proper authorities."

It is therefore apparent that respondent is entitled to the payment of $50.40 per month so long as his total permanent disability continues and his regular monthly dues are paid whether they be $2.00 or such amount as may be set by the proper authorities.

Section 3811-3, Code of Laws of South Carolina 1942, appears as follows: "The said board of commissioners shall have control of all payments to be made from such fund. It shall hear and decide all applications for insurance and annuities created and allowed under this section, and shall have the power to make all necessary rules

and regulations for its government and for the employees in the proper discharge of their duties; it shall have the power to make decisions on applications for insurance and annunities and its decision thereon shall be final, and conclusive and not subject to review or reversal except by the board itself; * * *."

Undoubtedly this section gave the Board control of "all payments to be made from such funds", but that does not mean that a stipulation entered into by counsel of record resulting in an order and judgment of the court could be nullified or varied by the Board. There was no appeal from the judgment, and it therefore became the law of the case and by no stretch of the imagination could it be said that this gave the Board powers to alter a judgment of the Court. The rulings in a case even though admittedly wrong become the law of the case and *res judicata* between the parties, *Greenwood County v. Watkins,* 196 S. C. 51, 12 S. E. (2d) 545. An order not appealed from is binding on all parties before the Court, constitutes the law of the case, and, when questioned, is *res judicata, Walker v. Hannon,* 191 S. C. 14, 3 S. E. (2d) 243.

The language employed in the judgment is plain and unambiguous. It is the solemn declaration of the Court and speaks for itself. The issues involved here are the same as those in the first case. We find (1) identity of parties, (2) identity of subject matter and (3) an adjudication in a former suit of the precise question sought to be raised in the second suit. Therefore, the doctrine of *res judicata* is applicable to the present case. *Bagwell v. Hinton,* 205 S. C. 377, 32 S. E. (2d) 147; *Lyerly v. Yeadon,* 199 S. C. 363, 19 S. E. (2d) 648; *Johnston-Crews Company v. Folk,* 118 S. C. 470, 111 S. E. 15.

We are therefore of the opinion that all exceptions should be dismissed and the order appealed from affirmed, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.