**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Alexander Webb, Appellant.

Appellate Case No. 2023-001578

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-293
Heard June 4, 2025 – Filed August 13, 2025

———————

**AFFIRMED**

———————

Lacey Marie Thompson, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** John A. Webb appeals his convictions for three counts of "violation[s] of drug distribution law" arising out of his failure to keep or produce sufficient records of prescriptions he had written. On appeal, Webb argues the trial court erred by (1) denying his motion for a directed verdict; (2) denying his motion

for a new trial because the State failed to reference any state or federal statute or regulation setting forth recordkeeping requirements; (3) failing to charge the jury on the relevant laws and regulations setting forth the requirements for recordkeeping; and (4) failing to grant a new trial or directed verdict instead of a "motion in arrest of judgment."  He further argues (1) the State violated his right to due process under the Fifth and Fourteenth Amendments by asserting he was not permitted to recreate the records in question and (2) the State violated Rule 403, SCRCP, and Rule 404(b), SCRCP, by making repeated references to uncharged conduct or prior bad acts after the trial court denied the State's motion in limine to raise the uncharged conduct.  We affirm.

1. We hold the State presented sufficient evidence regarding the requirements for recordkeeping such that the trial court properly denied the directed verdict motion. *See State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) (explaining that in criminal cases, this court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous); *State v. Zeigler*, 364 S.C. 94, 102, 610 S.E.2d 859, 863 (Ct. App. 2005) ("When a motion for a directed verdict is made in a criminal case in which the State relies exclusively on circumstantial evidence, the trial [court] is required to submit the case to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.").  At trial, Investigator Derek Strickland, of the Department of Health and Environmental Control (DHEC), testified that to prescribe a controlled substance, "a valid patient/prescriber relationship is required[,]" and, in order to establish this relationship, certain documentation must be kept by the person who prescribes the substance.  Strickland clearly stated that DHEC did not have specific requirements for the form of the documentation, just that it must be done.  He explained it "can be in a memorandum of such as long as the document is readily available and upon request provided to [an] inspector."  He further explained, "[*b*]*y regulation with DHEC*, the records must be readily available" and "maintained by the [provider]."[1]

---

[1] Section 44-53-340 of the South Carolina Code (2016) states that "[p]ersons registered to . . . dispense controlled substances under this article shall keep records and maintain inventories in conformance with the record-keeping and inventory requirements of [f]ederal law and with any additional rules [DHEC] issues."  Additionally, section 44-53-390(a)(4) of the South Carolina Code (2016) states that "[i]t is unlawful for a person knowingly or intentionally to . . . furnish false or fraudulent material information in, or omit any material information from, any application, report or other document required to be kept or filed under this article, or any record required to be kept by this article."  DHEC Regulation 602

Strickland stated a physician "is required to keep records . . . as far as a patient/practitioner relationship in where they see the patient, how they see the patient, what this history is with the patient, and going forward what the prescribing of that patient should be." Additionally, Strickland testified that "[i]f a person who is issuing a prescription . . . omits the information from his documentation or even fails to document it at all" or if the prescriber fails to keep or maintain the required information, that is a violation of the law. Strickland further testified that the records must be "readily available" or "readily retrievable," which he defined as accessible within one hour or less. We find Strickland's testimony, while not referencing any regulations or statutes by number or citation, nevertheless presented a sufficient summary of the substance of the applicable requirements. Webb has not cited any rule or case law that requires the State to refer to or publish the exact text of the statute or regulation at issue in a case, nor have we been able to locate any. Viewing the testimony discussed above in the light most favorable to the State, we hold the trial court properly submitted the case to the jury, and we affirm the denial of the motion for a directed verdict. *See State v. James*, 362 S.C. 557, 561, 608 S.E.2d 455, 457 (Ct. App. 2004) ("In ruling on a motion for directed verdict in a criminal case, a trial court must view the evidence in the light most favorable to the State.").[2]

---

states, "A registered individual practitioner is required to maintain a readily retrievable record, separate from patient charts, of all controlled substances . . . dispensed . . . or otherwise disposed of by the practitioner, his or her employees or agents . . . ." S.C. Code Ann. Regs. 61-4.602(c) (Supp. 2016).

[2] Webb also argues he was "convicted of violating the terms of his contract" and "the [original] trial court attempted to direct a verdict post-trial." We find these arguments are not preserved. Webb did not contemporaneously object to any testimony regarding the content of his contract, nor to the State's closing argument. *See State v. Sheppard*, 391 S.C. 415, 420-21, 706 S.E.2d 16, 19 (2011) ("Our law is clear that a party must make a contemporaneous objection that is ruled upon by the trial [court] to preserve an issue for appellate review."); *State v. Franks*, 432 S.C. 58, 79, 849 S.E.2d 580, 591-92 (Ct. App. 2020) ("Generally, this [c]ourt will not consider issues not raised to or ruled upon by the trial [court]." (alterations in original) (quoting *State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991))). Further, the order granting the motion in arrest of judgment was appealed; that appeal was adjudicated on the merits, and Webb did not file a cross-appeal to raise this argument. *See State v. Webb*, Op. No. 2023-UP-059 (S.C. Ct. App. filed Feb. 15, 2023); *Johnson v. Bd. of Comm'rs of Police Ins. & Annuity Fund of State*, 221 S.C. 23, 32, 68 S.E.2d 629, 633 (1952) ("An order not

2. For the same reasons discussed above, we hold the trial court properly denied Webb's motion for a new trial.  *See Edwards*, 384 S.C. at 508, 682 S.E.2d at 822 (explaining that in criminal cases, this court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous); *State v. Johnson*, 376 S.C. 8, 11, 654 S.E.2d 835, 836 (2007) ("A trial [court] has the discretion to grant or deny a motion for a new trial, and [its] decision will not be reversed absent a clear abuse of discretion."); *State v. Prince*, 316 S.C. 57, 63, 447 S.E.2d 177, 181 (1993) ("[W]here there is competent evidence to sustain the jury's verdict, the [trial court] may not substitute [its] judgment for that of the jury."). We agree with the reasoning of the trial court in denying the motion; it explained,

> [T]he State doesn't have to introduce regulations for them to follow.  The State doesn't have to introduce the law on burglary first-degree.  The State prosecutes facts and then the judge says: "Alright, jury, you find the facts.  Did the State prove this beyond a reasonable doubt?  Here is the law.  You take the facts as you find the facts to be.  You apply them to the law as I tell you what the law is."  The State doesn't tell the jury what the law is . . . the judge tells the jury what the law is.

Moreover, Webb conceded he had not objected to the jury charge or informed the court that he believed it had not sufficiently informed the jury of the law because the regulation was not included in the charge.[3]  Accordingly, we affirm as to this issue.  *See Winters v. Fiddie*, 394 S.C. 629, 639, 716 S.E.2d 316, 321-22 (Ct. App. 2011) ("South Carolina jurisprudence indicates that a moving party must raise the objectionable issue at the appropriate time during trial; thus, unobjected to trial error cannot be advanced as grounds for a new trial."); *id.* at 642, 716 S.E.2d at 323 (reversing the trial court's grant of a new trial because the "failure to object to the omitted portion of the jury instruction precluded the trial court from granting a new trial on that ground"); *State v. Dicapua*, 383 S.C. 394, 398-99, 680 S.E.2d 292, 294 (2009) (finding the trial court erred in granting a motion for a new trial on a ground not raised by a party—specifically, the admission of an unobjected-to videotape).

---

appealed from is binding on all parties before the [c]ourt, constitutes the law of the case, and, when questioned, is res judicata . . . .").

[3] We note the trial court did, however, specifically quote section 44-53-340 and section 44-53-390(a)(4) in its jury instructions.

3. Webb concedes his remaining issues are not preserved for this court's review; thus, we decline to address them.  *See* Rule 20(b), SCRCrimP ("[T]he parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires . . . .  Failure to object in accordance with this rule shall constitute a waiver of objection."); *State v. Todd*, 264 S.C. 136, 139, 213 S.E.2d 99, 100 (1975) ("[T]he failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge."); *State v. Sheppard*, 391 S.C. 415, 420-21, 706 S.E.2d 16, 19 (2011) ("Our law is clear that a party must make a contemporaneous objection that is ruled upon by the trial [court] to preserve an issue for appellate review."); *McHam v. State*, 404 S.C. 465, 475, 746 S.E.2d 41, 47 (2013) ("[A]n issue that was raised on direct appeal but found to be unpreserved may be raised in the context of a PCR claim alleging ineffective assistance of counsel."), *abrogated on other grounds by Smalls v. State*, 422 S.C. 174, 181 n.2, 810 S.E.2d 836, 839 n.2 (2018).[4]

**AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[4] Webb argues the unpreserved issues present "flagrant errors" such that "prejudice clearly appears" and should operate as an exception to South Carolina's refusal to apply the plain error doctrine.  We disagree; as noted above, Webb still has an avenue to seek relief for these alleged errors through the post-conviction relief process.