665 S.E.2d 228

**The STATE, Respondent,**

v.

**Christopher WILLIAMS, Appellant.**

**No. 4412.**

Court of Appeals of South Carolina.

Heard May 7, 2008.
Decided June 12, 2008.
Rehearing Denied Aug. 25, 2008.

Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

KITTREDGE, J.

Christopher Williams was convicted of two counts of assault of a high and aggravated nature (AHAN), one count of attempted escape, and two counts of kidnapping. He was sentenced to two concurrent terms of ten years in prison for AHAN, a consecutive term of fifteen years in prison for attempted escape, and two concurrent terms of life in prison without parole for the kidnappings. Williams appeals, contending the trial court committed reversible error by sustaining the State's *Batson*[1] motion and thereafter mandating that a challenged juror be seated on the new jury. We reverse and remand.

## I.

The State's *Batson* motion began with a challenge to all of Williams' peremptory challenges. Rather than requiring the State to be more specific, the court required Williams to account for all strikes. Williams did so, and the inquiry narrowed to three potential jurors. The court granted the

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

State's *Batson* motion regarding the three jurors. The court precluded Williams from striking any of the three jurors (Jurors 78, 72 and 116) when the jury was redrawn. Because only Juror 78 was called and served on the jury that convicted Williams, the appeal is limited to Juror 78.

Williams' counsel said he struck Juror 78, a white male, "because his wife is unemployed" and he "usually like[d] to have jurors that consider their spouse somewhat equal and they both work." The State contended the reason was pretextual because Williams' counsel sat Juror 81, also a white male, who is unemployed. Williams' counsel maintained that there is a fundamental difference between a *juror* who is unemployed and a juror whose *spouse* is unemployed. Williams' counsel stated:

> And as far as I struck [Juror 78] because his wife was unemployed, and he said I sat somebody who was unemployed. There's a difference between a juror being unemployed and a juror's wife being unemployed, and that's where I make my difference, Your Honor.

The State then turned its argument to, "How is that any different from every juror that's a single juror then?" Williams' counsel reiterated his distinction between jurors who are unemployed and spouses of jurors who are unemployed. Concerning unmarried jurors, defense counsel asserted that "every juror that's single wouldn't be sitting here thinking how much money is my unemployed wife at home spending.... There's a big difference between a single juror and a married juror."

Without further discussion, the trial court granted the State's *Batson* motion, observing that, in connection with Juror 78, "someone similarly situated was seated of a different race." Williams claims the trial court erred in both of its stated reasons. First, according to Williams, the other juror (Juror 81) may not properly be considered "similarly situated," as Williams repeatedly emphasized to the trial court his distinction between an unemployed juror and an employed juror whose spouse is unemployed. Second, the other juror, Juror 81, is white (as is Juror 78) and therefore not of a "different race" from Juror 78. We agree with Williams on

both counts, and as a result, we reverse and remand for a new trial.

## II.

■ If a trial court improperly grants the State's *Batson* motion, but none of the disputed jurors thereafter serve on the jury, any error in improperly quashing the jury is harmless because a defendant is not entitled to a particular jury. *State v. Rayfield,* 369 S.C. 106, 631 S.E.2d 244 (2006). Conversely, if one of the jurors is thereafter seated on the jury, then the erroneous *Batson* ruling has tainted the jury and prejudice is presumed in such cases "because there is no way to determine with any degree of certainty whether a defendant's right to a fair trial by an impartial jury was abridged." *Id.* at 114, 631 S.E.2d at 248; *see also State v. Short,* 327 S.C. 329, 489 S.E.2d 209 (Ct.App.1997) (finding the remedy for the improper granting of a *Batson* motion where a disputed juror is seated on the new jury is a new trial).

■ Even in light of the deference given trial judges in *Batson* motions, we are persuaded that error has been established in this case. The State, in its brief, acknowledges that Williams "offered race-neutral reasons for his strikes." We agree that Williams offered a race-neutral reason for striking Juror 78. The State has no good answer for the trial court's clearly erroneous statement that "someone similarly situated [Juror 81] was seated of a different race." The State suggests the trial court really meant to say that the strike "was so fundamentally implausible [as] to not require disparate treatment."

We reject the State's efforts to rescue the trial court's erroneous *Batson* ruling, and we decline the invitation to recast the trial court's ruling to something it was not. In any event, we do not view as "fundamentally implausible" the idea that counsel may draw a distinction between the employment status of a prospective juror and the employment status of the spouse of a prospective juror.[2] More to the point, employ-

---

2. *See State v. Haigler,* 334 S.C. 623, 629, 515 S.E.2d 88, 91 (1999) ("Pretext generally will be established by showing that *similarly situated members of another race were seated on the jury.* Under some circumstances, the race-neutral explanation given by the proponent

ment, or lack of it, is a well-understood and recognized consideration in the exercise of peremptory challenges. *State v. Haigler*, 334 S.C. 623, 632, 515 S.E.2d 88, 92 (1999) (stating unemployment is a race-neutral reason for a strike); *State v. Ford*, 334 S.C. 59, 65, 512 S.E.2d 500, 504 (1999) (holding place of employment is a race-neutral reason for a strike); *see State v. Adams*, 322 S.C. 114, 125, 470 S.E.2d 366, 372 (1996) (finding type of employment is a race-neutral reason for a strike). And finally, there is no evidence that someone similarly situated to Juror 78 was seated, i.e., no other juror was seated whose spouse was unemployed.

## III.

In sum, Williams articulated a race-neutral reason for striking Juror 78, and the State failed to establish that a similarly situated juror was seated. The proper remedy is a new trial.

**REVERSED AND REMANDED.**

ANDERSON and HUFF, JJ., concur.

---

may be so fundamentally implausible that the judge may determine, at the third step of the analysis, that the explanation was mere pretext even without a showing of disparate treatment.") (emphasis added). As noted, Jurors 78 and 81 are both white and they are not "similarly situated," as Juror 81 is unemployed and the *spouse* of Juror 78 is unemployed.