682 S.E.2d 820

**The STATE, Respondent,**

v.

**Jason Sinatra EDWARDS, Maceo Latonya Edwards and Jonais Edwards, Petitioners.**

**No. 26711.**

Supreme Court of South Carolina.

Heard June 11, 2009.

Decided Aug. 31, 2009.

506

Steven S. McKenzie, of Coffee, Chandler & Kent, of Manning, for Petitioners.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia; and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.

Chief Justice TOAL.

In this case, Petitioners, who were tried jointly, appeal their criminal convictions on the grounds that the trial court erred in quashing the first jury panel based upon a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court of appeals affirmed the trial court, and Petitioners filed a writ of certiorari asking this Court to review and reverse the court of appeals decision.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioners Jason, Maceo, and Jonais Edwards, all brothers, were tried jointly for the murders of Joe Woods and Jimmy Robinson in January 2006. During jury selection, the trial court was not able to impanel an entire twelve member jury because it ran out of venire persons during the selection process. During the selection process, Petitioners had used sixteen of a possible twenty preemptory strikes to strike nine Caucasian and seven African American potential jurors. The State made a *Batson* motion on the grounds that Petitioner's strikes were racially motivated, and the trial court heard the motion, despite the fact that a full jury was not yet impaneled. The trial court granted the State's *Batson* motion, holding that jurors 19, 50, and 131 were struck on racially cognizable grounds. The trial court quashed the first jury, and anew jury was selected. Jurors 50 and 131 were selected for the second jury, and the case proceeded to trial.

The jury found Petitioners Jason and Maceo Edwards guilty of murder and found Petitioner Jonais Edwards guilty of

accessory after the fact of murder. Petitioners appealed their convictions and sentences, and the court of appeals affirmed. *State v. Edwards,* 374 S.C. 543, 649 S.E.2d 112 (Ct.App.2007). This Court granted Petitioners' petition for a writ of certiorari to review the following question:

> Did the trial court err in quashing the first jury panel based upon a violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)?

### STANDARD OF REVIEW

In criminal cases, this Court will review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). This Court is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Quattlebaum,* 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000). On review, this Court is limited to determining whether the trial court abused its discretion. *State v. Rochester,* 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990). This Court does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence. *State v. Wilson,* 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001).

### LAW/ANALYSIS

Petitioners assert that the court of appeals erred in upholding the trial court's decision to grant the State's *Batson* motion. We agree.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venire person on the basis of race or gender. *State v. Hicks,* 330 S.C. 207, 211, 499 S.E.2d 209, 211 (1998). When one party strikes a member of a cognizable racial group or gender, the trial court must hold a *Batson* hearing if the opposing party requests one. *See State v. Haigler,* 334 S.C. 623, 629–30, 515 S.E.2d 88, 90–91 (1999) (explaining the proper procedure for a *Batson* hearing). The proponent of the strike must offer a race or gender neutral explanation. *Id.* The opponent must show the race or gender neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of anoth-

er race or gender. *Id.* Under some circumstances, the explanation given by the proponent may be so fundamentally implausible the trial judge may determine the explanation was mere pretext, even without a showing of disparate treatment. *Id.*

Whether a *Batson* violation has occurred must be determined by examining the totality of the facts and circumstances in the record. *Riddle v. State*, 314 S.C. 1, 14, 443 S.E.2d 557, 565 (1994). The opponent of the strike carries the ultimate burden of persuading the trial court that the challenged party exercised strikes in a discriminatory manner. *State v. Adams*, 322 S.C. 114, 470 S.E.2d 366 (1996). Appellate courts give the trial judge's finding great deference on appeal and review the trial judge's ruling with a clearly erroneous standard. *State v. Dyar*, 317 S.C. 77, 79, 452 S.E.2d 603, 604 (1994).

The trial judge's findings of purposeful discrimination rest largely on his evaluation of demeanor and credibility. *Sumpter v. State*, 312 S.C. 221, 224, 439 S.E.2d 842, 844 (1994). Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and an "evaluation of the [attorney's] mind lies peculiarly within a trial judge's province." *Hernandez v. New York*, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Furthermore, a strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes. *State v. Oglesby*, 298 S.C. 279, 280, 379 S.E.2d 891, 892 (1989).

If a trial court improperly grants the State's *Batson* motion, but none of the disputed jurors serve on the jury, any error in improperly quashing the jury is harmless because a defendant is not entitled to the jury of her choice. *State v. Rayfield*, 369 S.C. 106, 114, 631 S.E.2d 244, 248 (2006). However, if one of the disputed jurors is seated on the jury, then the erroneous *Batson* ruling has tainted the jury and prejudice is presumed in such cases "because there is no way to determine with any degree of certainty whether a defendant's right to a fair trial by an impartial jury was abridged." *Id.* at 114, 631 S.E.2d at 248. The proper remedy in such cases is the granting of a new trial.

510

Petitioners challenged jurors 50 and 131 during the first jury selection.[1] Following the trial court's quashing of the first jury, Petitioners were not allowed to strike these jurors from the second jury and jurors 50 and 131 were impaneled for Petitioners' trial.

Petitioners initially challenged juror 50 on the grounds that he was a newspaper editor and might have knowledge of or have written a story about the case. Petitioners challenged juror 131 on the grounds that she worked for the Department of Motor Vehicles (DMV) and interacted with law enforcement on a regular basis.

The State argued in its *Batson* motion that both explanations were pretext for racial prejudice on the grounds that there was no evidence that juror 50 ever wrote an article about the case and that striking all DMV employees was so broad as to be evidence of pretext. The trial court ruled that the explanations given for jurors 50 and 131 were not racially neutral, but the court did not specifically articulate its reasoning. The court of appeals upheld the trial court, finding that "the record contains sufficient justification to conclude there was no abuse of discretion."

We find that the explanations given for jurors 50 and 131 were race neutral and that the trial court committed clear error in granting the State's *Batson* motion. Employment is a well-understood and recognized consideration in the exercise of peremptory challenges. *State v. Williams*, 379 S.C. 399, 402–03, 665 S.E.2d 228, 230 (Ct.App.2008); *State v. Ford*, 334 S.C. 59, 65, 512 S.E.2d 500, 504 (1999) (holding place of employment is a race-neutral reason for a strike); *State v. Adams*, 322 S.C. 114, 125, 470 S.E.2d 366, 372 (1996) (finding type of employment is a race-neutral reason for a strike). Petitioners' stated concerns that juror 50 was a journalist and juror 131 was a state employee who interacted regularly with law enforcement are race neutral reasons to strike. The State bore the burden of demonstrating that these proffered explanations were pretext for racial discrimination. We find no

---

1. Although Petitioners' strike of juror 19 was also found to be discriminatory, Petitioners have not raised that issue in this appeal.

evidence that the State met this burden and the trial court clearly erred in finding otherwise.

## CONCLUSION

For the forgoing reasons, we reverse the opinion of the court of appeals and remand for a new trial.

WALLER, PLEICONES, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.