THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Daniel Dickson, Appellant.
 
 
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No.   2010-UP-348
 Submitted June 1, 2010  Filed July 6,
2010

AFFIRMED

 
 
 
 Appellate Defender Lanelle Cantey Durant,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport,
 all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for
 Respondent.
 
 
 

PER CURIAM:   Daniel
 Dickson appeals his conviction for attempted armed robbery and kidnapping.  On
 appeal, Dickson argues the trial court erred in finding the State's reason for
 striking the juror because he was a Lutheran minister was not pretextual even
 though he was of the same age, gender, and race as Dickson.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: State v. Edwards, 384 S.C. 504, 510, 682 S.E.2d 820, 823 (2009) ("Employment
 is a well-understood and recognized consideration in the exercise of peremptory
 challenges."); McCrea v. Gheraibeh, 380 S.C. 183, 187 n.2, 669
 S.E.2d 333, 335 n.2 (2008) (finding a strike will be deemed racially neutral
 unless there is an inherent discriminatory intent in the explanation); State v. Evins, 373 S.C. 404, 415, 645 S.E.2d 904, 909 (2007) ("Once the proponent states a reason that is
 race-neutral, the burden is on the party challenging the strike to show the
 explanation is mere pretext, either by showing similarly situated members of
 another race were seated on the jury or that the reason given for the strike is
 so fundamentally implausible as to constitute mere pretext despite a lack of
 disparate treatment.").
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.