**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James C. Tyner, Appellant.

Appellate Case No. 2012-212324

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge

Opinion No. 2014-UP-222
Heard May 7, 2014 – Filed June 11, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

**PER CURIAM:**  James C. Tyner appeals his convictions for assault and battery of a high and aggravated nature (ABHAN) and strong armed robbery.  He contends

the trial court erred in denying his directed verdict motion as to the ABHAN charge and in denying his *Batson*[1] motion to quash the jury.  We affirm.

1.      The trial court did not err in denying Tyner's directed verdict motion, because the victim's testimony he was choked and could not breathe and the victim's wife's testimony he was a bloody mess and displayed "a good bit of bruising" around his neck after the attack was some evidence from which the jury could conclude the attack posed a substantial risk of death.  *See* S.C. Code Ann. § 16-3-600(B)(1) (Supp. 2013) ("A person commits the offense of assault and battery of a high and aggravated nature if the person unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury."); S.C. Code Ann. § 16-3-600(A)(1) (Supp. 2013) ("'Great bodily injury' means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ."); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 93 (2002) ("On an appeal from the trial court's denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling."); *id.* ("In ruling on a directed verdict motion, the trial court is concerned with the existence of evidence, not its weight."); *State v. Butler*, 407 S.C. 376, ___, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, [an appellate] court views the evidence and all reasonable inferences in the light most favorable to the State."); *id.* ("'If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury.'" (quoting *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006))).

2.      The trial court did not err in ruling the State's striking of Juror #39 and Juror #101 did not constitute a *Batson* violation, because, in the absence of contrary evidence in the record, demeanor is a race-neutral basis for exercising a jury strike. *See State v. Cochran*, 369 S.C. 308, 317, 631 S.E.2d 294, 299 (Ct. App. 2006) ("The demeanor of a prospective juror is generally a race-neutral reason for employing a preemptory challenge."); *State v. Tucker*, 334 S.C. 1, 8, 512 S.E.2d 99, 102 (1999) ("[C]ounsel may strike venire persons based on their demeanor and disposition."); *Cochran*, 369 S.C. at 317, 631 S.E.2d at 299 ("An express finding by the trial court will, unless clearly erroneous, trump counsel's stated perception of a prospective juror's demeanor and disposition."); *State v. Edwards*, 384 S.C.

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

504, 509, 682 S.E.2d 820, 823 (2009) ("Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and an 'evaluation of the [attorney's] mind lies peculiarly within a trial [court's] province.'" (first alteration by court) (quoting *Hernandez v. New York*, 500 U.S. 352, 365 (1991))). We also find Tyner's argument regarding Juror #101's residence is not preserved for our review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**