**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Richard Lanard Sprinkle, Appellant.

Appellate Case No. 2013-000784

———————————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-480
Heard November 5, 2014 – Filed December 23, 2014

———————————

**AFFIRMED**

———————————

Tina Marie Cundari and Alexander Erwin Davis, both of
Sowell Gray Stepp & Laffitte, LLC, of Columbia; and
Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General John Benjamin Aplin, both of
Columbia; and Solicitor David Michael Pascoe, Jr., of
Orangeburg, for Respondent.

———————————

**PER CURIAM:** Richard Sprinkle appeals his convictions for first-degree burglary, first-degree assault and battery, and two counts of armed robbery, arguing the trial court erred in: (1) denying his motion to suppress identification evidence; (2) limiting the cross-examination of a witness; (3) denying his motions for a directed verdict and a new trial; and (4) failing to charge the lesser-included offense of second-degree assault and battery. We affirm.

## FACTS

In June 2011, James Wright and Robert Rumph,[1] the two victims, were roommates. Between 2:00 a.m. and 5:00 a.m. on a Sunday morning, two men arrived at Wright's and Rumph's front door while Wright sat in the living room and Rumph slept in his bedroom. Wright explained the men asked for "Rocky" and stated they needed to use the telephone. Wright recalled that once Rumph told him to let the men in, he opened the door. Once inside, the men assaulted and robbed Rumph and Wright and fled in Rumph's car. The jury convicted Sprinkle of first-degree assault and battery of Rumph, as a lesser-included offense of attempted murder, first-degree burglary, and two counts of armed robbery. Sprinkle moved for a new trial, which the trial court denied. This appeal followed.

## ISSUES ON APPEAL

1. Did the trial court err in admitting identification testimony?
2. Did the trial court err in limiting the cross-examination of a witness?
3. Did the trial court err in denying motions for a directed verdict and a new trial?
4. Did the trial court err in failing to charge the lesser-included offense of second-degree assault and battery?

## STANDARD OF REVIEW

In criminal cases, this court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009). "This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence." *Id.*

---

[1] The parties also refer to Rumph as "Rocky" or "Rock."

**LAW/ANALYSIS**

**I.      Identification Evidence**

Sprinkle argues the trial court erred in admitting Wright's identification testimony. We disagree.

In *Neil v. Biggers*, the Supreme Court of the United States developed a two-prong inquiry to determine the admissibility of an out-of-court identification.  409 U.S. 188 (1972).  First, a court must determine whether the identification process was unduly suggestive.  *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 447 (2000). Second, a court must determine whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed. *Id.*  However, only if the procedure was unduly suggestive need the court consider the second question.  *Id.* at 287, 540 S.E.2d at 447-48.

The State asserts this issue is not preserved for appellate review because Sprinkle failed to object to the identification when it was offered at trial.  Sprinkle's motion *in limine* to suppress this evidence occurred immediately prior to Wright's in-court-identifications of Sprinkle.  Since the trial court ruled on the admission of this evidence immediately prior to the introduction of the evidence in question, Sprinkle did not need to renew his objection to the evidence.  *See State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination.  The moving party, therefore, must make a contemporaneous objection when the evidence is introduced.  However, where a [court] makes a ruling on the admission of evidence on the record immediately prior to the introduction of the evidence in question, the aggrieved party does not need to renew the objection." (quotation marks and internal citation omitted)).  Therefore, we find the issue is preserved.

On the merits, we find the identification process was not unduly suggestive.  All of the men in the lineup have the same length and style of hair.  They have similar skin tones and facial features.  Further, the photo does not suggest Sprinkle is wearing a jail uniform as Sprinkle contends.  Investigator Lori Garrison testified she showed Wright the lineup "the next day after the incident."  Garrison indicated Wright did not have difficulty identifying Sprinkle, and she denied suggesting to Wright which picture to pick from the lineup.  Garrison denied telling Wright one of the robbers was included in the photo lineup.

Additionally, we find the identification was so reliable that no substantial likelihood of misidentification existed. Wright testified he looked out of the window directly at Sprinkle when the two men arrived at the front door asking to use the telephone. Although Wright admitted he never turned the lights on in the home, he testified "the city streetlight was out there, and [he] could look through the glass and see, see their face." Further, Wright testified he told officers he knew Sprinkle because Sprinkle "used to walk[] the street all the time," and he recently saw Sprinkle on the Saturday evening before the crime occurred early Sunday morning. Moreover, Wright testified that after he saw the photo lineup, he immediately identified Sprinkle from the group. Despite suggesting Sprinkle's appearance had changed, Wright stated he had no doubt that Sprinkle was the person who assaulted and robbed him. Therefore, viewing the totality of the circumstances, we find no substantial likelihood of irreparable misidentification existed. Accordingly, we affirm the trial court's decision to admit Wright's in-court identification of Sprinkle because the identification process was not unduly suggestive and there was no substantial likelihood of irreparable misidentification.

## II.     Limiting Cross-Examination

Sprinkle argues the trial court erred in limiting the cross-examination of Sean Echols, Sprinkle's co-defendant,[2] regarding his pending federal investigation and expired plea negotiations.

"The Sixth Amendment rights to notice, confrontation, and compulsory process guarantee that a criminal charge may be answered through the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence." *State v. Mizzell*, 349 S.C. 326, 330, 563 S.E.2d 315, 317 (2002) (quoting *State v. Graham*, 314 S.C. 383, 385, 444 S.E.2d 525, 527 (1994)). "A defendant has the right to cross-examine a witness concerning bias under the Confrontation Clause." *Id.* at 331, 563 S.E.2d at 317. "On cross-examination, any fact may be elicited which tends to show interest, bias, or partiality of the witness." *Id.* (quotation marks and citation omitted).

> A criminal defendant may show a violation of the
> Confrontation Clause by showing that he was prohibited
> from engaging in otherwise appropriate cross-
> examination designed to show a prototypical form of bias

---

[2] Echols and Sprinkle were tried separately.

on the part of the witness, and thereby to expose to the
jury the facts from which jurors . . . could appropriately
draw inferences relating to the reliability of the witness.

*State v. Pradubsri*, 403 S.C. 270, 276-77, 743 S.E.2d 98, 102 (Ct. App. 2013)
(alteration in original) (quoting *Mizzell*, 349 S.C. at 331, 563 S.E.2d at 317). "The
trial [court] retains discretion to impose reasonable limits on the scope of cross-
examination." *Mizzell*, 349 S.C. at 331, 563 S.E.2d at 317. "Before a trial [court]
may limit a criminal defendant's right to engage in cross-examination to show bias
on the part of the witness, the record must clearly show the cross-examination is
inappropriate." *Id*. "If the defendant establishes he was unfairly prejudiced by the
limitation, it is reversible error." *Id.*

"It is desirable the jury not know that a witness has invoked the privilege against
self-incrimination since neither party is entitled to draw any inference from such
invocation." *State v. Hughes*, 328 S.C. 146, 150, 493 S.E.2d 821, 823 (1997). "[I]t
has been recognized that neither the [S]tate nor the defendant should be allowed to
call witnesses who either side knows will invoke the Fifth Amendment in front of
the jury and then be subject to inferences in a form not subject to cross-
examination." *Id.* at 152, 493 S.E.2d at 823. A witness may not be called solely
for the sake of invoking his or her Fifth Amendment privilege against self-
incrimination. *Id.* at 152-53, 493 S.E.2d at 824.

Rule 410, SCRE, provides:

evidence of the following is not, in any civil or criminal
proceeding, admissible against the defendant who made
the plea or was a participant in the plea
discussions: . . . any statement made in the course of plea
discussions with an attorney for the prosecuting authority
which do not result in a plea of guilty or which result in a
plea of guilty later withdrawn.

We find the trial court did not abuse its discretion in limiting Sprinkle's cross-
examination of Echols regarding his pending federal investigation. Sprinkle failed
to demonstrate a link between Echols' pending federal investigation and his
testimony against Sprinkle. Echols had not yet been charged with a federal offense
nor has Sprinkle shown that the investigation was related to the crimes at issue.
Importantly, the State notes it has no authority to negotiate a deal with a witness in
regard to federal charges. Therefore, Sprinkle failed to show bias or how the

investigation may influence Echols' testimony against Sprinkle. Moreover, Echols' counsel was present during trial and indicated he advised Echols to assert his Fifth Amendment rights if questioned regarding the federal investigation. Although, as Sprinkle claims, his reason for calling Echols as a witness may not have been solely for the sake of having Echols assert his privilege against self-incrimination, he knew Echols would assert his Fifth Amendment rights if questioned about the federal investigation. As such, the trial court properly excluded that line of questioning.

However, we find the trial court erred by excluding evidence regarding Echols' plea negotiations. Nevertheless, we hold the error was harmless. Initially, we note the facts of this case are vastly different from the facts in *Mizzell*. Here, unlike *Mizzell*, Echols testified he had not been offered anything in return for testifying; he was doing it out of the goodness of his heart; and he hoped the court would have mercy on him in his own trial. Additionally, under cross-examination, Echols admitted he lied to investigators about the number of persons involved in the robbery. He also claimed he did not know why he was not charged with first-degree burglary or that Sprinkle was indicted for first-degree burglary, but admitted he was not indicted for first-degree burglary and was avoiding a LWOP sentence. Further, the trial court allowed Sprinkle to question Echols regarding Echols' prior convictions for assault and battery with intent to kill and second-degree burglary. Therefore, the trial court allowed a meaningful cross-examination of Echols with adequate opportunity for impeachment, such that the jury had sufficient evidence before it to judge Echols' credibility. Accordingly, we affirm the trial court's limitations on Sprinkle's cross-examination of Echols. *See State v. Sherard*, 303 S.C. 172, 175, 399 S.E.2d 595, 596 (1991) (finding accused suffered no prejudice from limitation on cross-examination of one co-defendant where other evidence, including the testimony of co-defendants, established his commission of the crime).

## III.   Directed Verdict and New Trial

Sprinkle argues the trial court erred in failing to grant his motion for a directed verdict on all charges. We disagree.

"When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight." *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). When reviewing a trial court's denial of a defendant's motion for a directed verdict, an appellate court must view the

evidence in a light most favorable to the State. *State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990).

"A person is guilty of first-degree burglary if he enters a dwelling without consent and with intent to commit a crime in the dwelling and either enters or remains in the dwelling during the nighttime." *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 526 (Ct. App. 2012) (quotation marks and citation omitted). "Although the intent to commit a crime must exist at the time the accused enters the dwelling, the jury may base its determination of that intent upon evidence of the accused's actions once inside the dwelling." *Id.*

"Armed robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Frazier*, 386 S.C. 526, 532, 689 S.E.2d 610, 613 (2010). "Robbery is the crime of larceny accomplished with force, and armed robbery occurs when a person commits robbery while armed with a deadly weapon." *Id.*

Section 16-3-600 (C)(1) of the South Carolina Code (Supp. 2013) provides:

> A person commits the offense of assault and battery in the *first degree* if the person unlawfully:
> (a) injures another person, and the act:
> . . .
>    (ii) *occurred during the commission of a robbery, burglary, kidnapping, or theft;* or
> (b) *offers or attempts to injure another* person with the present ability to do so, and the act:
>    (i) is accomplished by *means likely to produce death or great bodily injury*; or
>    (ii) *occurred during the commission of a robbery, burglary, kidnapping, or theft.*

(emphasis added).

Although there is some dispute as to which perpetrator attacked Wright and Rumph individually, the evidence reflects Sprinkle entered the home under false pretenses at some point between 2:00 a.m. and 5:00 a.m. and remained for several minutes. The evidence further reflects that during that time, both Wright and Rumph were robbed and injured and Sprinkle participated in robbing and

assaulting the two victims. Echols testified regarding the plan he and Sprinkle developed to rob Wright and Rumph. Wright testified Sprinkle took money from him and left in Rumph's car. Rumph testified the "one with the dreads"—who Wright and Echols identified as Sprinkle—pointed a gun at him and demanded money. Further, Rumph testified the "one with the dreads" cut him on the side of his stomach, leg, arm, and foot. Rumph stated the men took his car, money, pants, and a hat when they left the home. Any discrepancies in the witnesses' testimony were for the jury to weigh. Therefore, the trial court properly submitted this case to the jury and denied Sprinkle's motions for a directed verdict and new trial.

## IV.  Lesser-Included Offense

Sprinkle argues the trial court erred in failing to charge the lesser-included offense of second-degree assault and battery as to Rumph. We disagree.

"The law to be charged must be determined from the evidence presented at trial." *State v. Rivera*, 389 S.C. 399, 404, 699 S.E.2d 157, 159 (2010). "The trial [court] is to charge the jury on a lesser included offense if there is any evidence from which the jury could infer that the lesser, rather than the greater, offense was committed." *State v. Watson*, 349 S.C. 372, 375, 563 S.E.2d 336, 337 (2002).

"Assault and battery in the second degree is a lesser-included offense of assault and battery in the first degree . . . ." S.C. Code Ann. § 16-3-600(D)(3) (Supp. 2013). "A person commits the offense of assault and battery in the *second degree* if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so," and "*moderate bodily injury* to another person results" or could have resulted. § 16-3-600(D)(1) (emphasis added).

The trial court did not err in denying Sprinkle's request to charge the lesser-included offense of second-degree assault and battery. There is no evidence tending to show Sprinkle is guilty solely of the lesser crime. The only reasonable inference to be drawn from the totality of the evidence was that Sprinkle either did or did not injure, offer to injure, or attempt to injure Rumph during the commission of the robbery and burglary. §16-3-600 (C)(1). Moreover, Rumph clearly sustained great bodily injury as he was cut on the side of his stomach, leg, arm, and foot, requiring stitches. *See id.*

## CONCLUSION

For the foregoing reasons, the trial court's order is

**AFFIRMED.**

**FEW, C.J., LOCKEMY, J., and CURETON, A.J., concur.**