**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher W. Berke, Appellant.

Appellate Case No. 2014-000464

---

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-035
Submitted December 1, 2015 – Filed January 20, 2016

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Christopher W. Berke appeals his convictions for unlawful conduct toward a child and infliction of great bodily injury upon a child. Berke argues the trial court erred in denying his (1) motion for directed verdict on the

charge of infliction of great bodily injury upon a child, (2) motion to quash the indictment for unlawful conduct towards a child because it failed to put him on notice of the facts constituting the crime, (3) motion to quash the indictment for unlawful conduct towards a child because it allowed the State to present duplicitous theories as to the alleged criminal acts, and (4) motion for directed verdict on the charge of unlawful conduct towards a child. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying his motion for directed verdict on the charge of infliction of great bodily injury upon a child: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, this [c]ourt will review errors of law only. This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

2. As to whether the trial court erred in denying his motion to quash the indictment for unlawful conduct towards a child because it failed to put him on notice of the facts constituting the crime: *Edwards*, 384 S.C. at 508, 682 S.E.2d at 822 ("In criminal cases, this [c]ourt will review errors of law only. This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Gentry*, 363 S.C. 93, 102-03, 610 S.E.2d 494, 500 (2005) ("[T]he [trial] court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged."); *id.* at 103, 610 S.E.2d at 500 ("In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances."); *id.* ("[W]hether the indictment could be more definite or certain is irrelevant."); *Carter v. State*, 329 S.C. 355, 363, 495 S.E.2d 773, 777 (1998) ("An indictment is ordinarily sufficient if it is in the language of the statute.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3.  As to whether the trial court erred in denying his motion to quash the indictment for unlawful conduct towards a child because it allowed the State to present duplicitous theories as to the alleged criminal acts:  *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *id.* ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

4.  As to whether the trial court erred in denying his motion for directed verdict on the charge of unlawful conduct towards a child:  *Edwards*, 384 S.C. at 508, 682 S.E.2d at 822 ("In criminal cases, this [c]ourt will review errors of law only.  This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *Weston*, 367 S.C. at 292, 625 S.E.2d at 648 ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *Cherry*, 361 S.C. at 593-94, 606 S.E.2d at 478 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Jenkins*, 278 S.C. 219, 222, 294 S.E.2d 44, 45-46 (1982) ("By failing to include 'knowingly' or other apt words to indicate criminal intent or motive, we think the legislature intended that one who simply, without knowledge or intent that his act is criminal, fails to provide proper care and attention for a child or helpless person of whom he has legal custody, so that the life, health, and comfort of that child or helpless person is endangered or is likely to be endangered, violates § [63-5-70] of the Code."); *State v. Palmer*, 413 S.C. 410, 420-22, 776 S.E.2d 558, 563-64 (2015) (holding a motion for directed verdict for unlawful conduct towards a child was properly denied because the evidence indicated multiple events endangered the victim over a period of time).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**