**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Odom Bryant, Appellant.

Appellate Case No. 2015-000170

---

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-302
Heard May 9, 2017 – Filed July 26, 2017

---

**AFFIRMED**

---

Reid T. Sherard, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Caroline M. Scrantom, all of Columbia, and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

---

**PER CURIAM:** Odom Bryant appeals his convictions for two counts of murder. Bryant maintains the circuit court erred in (1) denying his motion for mistrial after

permitting a witness to testify a codefendant had "cut a deal," (2) employing improper procedure for conducting a *Batson*[1] hearing, and (3) granting the State's *Batson* motion.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Bryant's mistrial motion:  *State v. Council*, 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999) ("The decision to grant or deny a motion for a mistrial is a matter within a trial court's sound discretion, and such a decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id*. at 13, 515 S.E.2d at 514 (stating the trial court should declare a mistrial only when absolutely necessary upon a showing of error and resulting prejudice); *State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence.").

2.  As to whether the trial court employed incorrect procedure in conducting the *Batson* hearing:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.").

3.  As to whether the trial court erred in granting the State's *Batson* motion:  *State v. Edwards*, 384 S.C. 504, 509, 682 S.E.2d 820, 822 (2009) ("Appellate courts give the trial judge's finding [on a *Batson* motion] great deference on appeal and review the trial judge's ruling with a clearly erroneous standard."); *id*. at 508-09, 682 S.E.2d at 822 ("The proponent of the strike must offer a race or gender neutral explanation.  The opponent must show the race or gender neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of another race or gender." (citation omitted)); *State v. Cochran*, 369 S.C. 308, 335, 631 S.E.2d 294, 308-09 (Ct. App. 2006) (Anderson, J., concurring in result and writing separately) ("The determination of whether the minimum quantum of evidence has been produced under this prong is flexible, for the trial court's ruling turns on an examination of the totality of the facts and circumstances in the record, including the credibility and demeanor of the strike's proponent, and the plausibility of a neutral, but otherwise unpersuasive, reason.").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1]  *Batson v. Kentucky*, 476 U.S. 79 (1986).