**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Corey Jermaine Brown, Respondent.

Appellate Case No. 2018-001289

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-253
Submitted May 3, 2021 – Filed July 7, 2021

**REVERSED and REMANDED**

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood; all for Appellant.

Appellate Defender David Alexander, of Columbia, for Respondent.

**PER CURIAM:** Corey Brown was convicted of armed robbery, kidnapping, and conspiracy to commit grand larceny. Brown filed a motion for new trial, which was granted by the trial court. The State appeals, arguing (1) the trial court erred

in granting a new trial when there was no evidence in the record to support the conclusion the State reached a deal with Brown's testifying co-defendants and (2) the trial court's ruling can be construed to include a grant of a new trial on several additional grounds originally raised in Brown's motion for a new trial, and because none of the grounds raised support a grant of a new trial, the trial court erred in granting a new trial.  We reverse and remand.

## FACTS

Brown filed a motion for new trial, arguing evidence discovered after the trial showed the State made a plea offer to one of the testifying co-defendants prior to Brown's trial, which was never disclosed to Brown and contradicts testimony the State presented.  During Brown's trial, the State called two co-defendants, Shadarron Evans and Antonio Nicholson.  Both testified the State did not make them any offers and had not promised them anything in exchange for their testimony.  However, after his trial, Brown learned the State extended an offer to Evans.  Brown provided recordings of Evans' phone calls from the Greenwood County Detention Center that were discovered after trial but recorded beforehand. The recordings disclosed the State initially offered Evans thirteen years, but he rejected the offer after meeting with his attorney and a solicitor because he believed if he testified the State would present him a more favorable offer allowing him to plead guilty to a non-violent offense instead of his original violent offenses. The State did not disclose to Brown or the court its offer to Evans or the discussions the solicitor had with Evans and his attorney.  The trial court granted Brown a new trial, finding the failure to disclose this material evidence prejudiced him.  This appeal followed.

## STANDARD OF REVIEW

The grant of a new trial motion rests within the discretion of the trial court, and this court will not disturb its decision on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009).  "Therefore, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous." *State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006).  Thus, "this [c]ourt is limited to determining whether the trial court abused its discretion." *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009).  Accordingly, "[t]his [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence." *Id.*

**LAW/ANALYSIS**

The State argues the trial court erred in granting a new trial because there was no evidence in the record to support the conclusion that the State reached a deal with Brown's testifying co-defendant. We agree.

"[T]he suppression by the [State] of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "In South Carolina, an individual asserting a *Brady* violation must demonstrate that the evidence: (1) was favorable to the accused; (2) was in the possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching." *State v. Moses*, 390 S.C. 502, 515, 702 S.E.2d 395, 402 (Ct. App. 2010). "Evidence considered favorable to the defendant includes both exculpatory and impeachment evidence and extends to evidence that is not in the actual possession of the prosecution, but also to evidence known by others acting on the government's behalf, including the police." *Id.* at 517, 702 S.E.2d at 403. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Courts do not "automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . . .'" *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *United States v. Keogh*, 391 F.2d 138, 148 (2d Cir. 1968)). "A finding of materiality of the evidence is required under *Brady*." *Id.* In *Giglio*, the Supreme Court found the government's case depended almost entirely on the testimony of its key witness; thus, the credibility of the witness was an important issue in the case, and "evidence of any understanding or agreement as to a future prosecution was relevant to his credibility and the jury was entitled to know of it." *Id.* at 155.

"[N]ot everything said to a witness or to his lawyer must be disclosed." *Tarver v. Hopper*, 169 F.3d 710, 717 (11th Cir. 1999). "Some promises, agreements, or understandings do not need to be disclosed, because they are too ambiguous, or too loose or are of too marginal a benefit to the witness to count." *Id.* "The [*Giglio*] rule does not address nor require the disclosure of all factors which may motivate a witness to cooperate." *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994).

"The simple belief by a defense attorney that his client may be in a better position to negotiate a reduced penalty should he testify against a co[-]defendant is not an agreement within the purview of *Giglio*." *Id.*

In *Tarver*, the defendant argued a plea agreement existed between his co-defendant and the prosecution. 169 F.3d at 716. He asserted the government's failure to disclose that agreement violated *Giglio*. *Id.* The co-defendant testified at trial that he was not promised a deal. *Id.* at 717. The prosecuting district attorney testified that no "arrangement or deal" existed—only that the co-defendant's testimony would be "taken into consideration." *Id.* The court found such a statement was too preliminary and ambiguous to demand disclosure; thus, the court held the co-defendant's attorney and the co-defendant were merely trying to cooperate in hopes of improving their bargaining position later, and *Giglio* required no disclosure. *Id.* Further, "*Giglio* does not require disclosure of rejected plea offers; the duty to disclose is dependent upon the existence of an agreement between the witness and the government." *United States v. Rushing*, 388 F.3d 1153, 1158 (8th Cir. 2004).

The trial court's order states:

> Brown argued the court should grant a new trial because evidence discovered after the trial showed the State made a plea offer to at least one of the testifying co-defendants prior to [Brown's] trial, which was never disclosed to [Brown] and which contradicts testimony the State presented. The State called two co-defendants, Shadarron Evans (Evans) and Antonio Nicholson (Nicholson). Both testified that the State had not made them any offers or promised them anything in exchange for their testimony.
>
> After his trial, [Brown] learned that the State extended an offer to Evans. He provided proof through recordings of Evans' phone calls from the Greenwood County Detention Center, discovered after trial but recorded beforehand, that reveal the State initially offered Evans thirteen years. But after meeting with his attorney and a solicitor, Evans believed if he testified, the State would present him a more favorable offer allowing him to plead guilty to a non-violent offense instead of to his original

violent offenses. The State did not disclose to [Brown], or the tribunal, its offer to Evans or the discussions the solicitor had with Evans and his attorney.

Evans' pretrial prediction about the resolutions of his charges, captured on the recorded phone calls, came to fruition just ten days after [Brown's] trial. On August 26, 2014, the State transported Evans to another county where he pleaded guilty to two nonviolent offenses. Criminal Conspiracy and False Imprisonment (a direct indictment to which he waived presentment to the grand jury). Evans was sentenced to 4 years for criminal conspiracy and a consecutive suspended sentence for false imprisonment. As part of [its] plea deal, the State dismissed Evans' indictments for Kidnapping and Armed Robbery. Failing to disclose this material evidence prejudiced [Brown].

. . . .

The Court grants [Brown's] motion for a new trial based on the foregoing and the evidence and arguments presented in the motion for a new trial and subsequent hearing.

The State maintains the only evidence in the record was a plea offer that was extended to Evans, and he turned it down. The State claims the only other evidence presented was that Evans hoped to obtain a favorable sentence and have his charges dropped, but an actual deal was never reached with the solicitor's office. Furthermore, the State argues the trial court's order seems to grant a new trial primarily based on the State's alleged failure to disclose a plea offer and negotiations to the defense. The court's order does not state what case law it was relying on for the basis of its ruling. The State argues it appears the trial court relied on *Brady* and *Giglio* in making its decision but the order did not cite to either case.

We find the court made no specific findings as to whether the evidence was material to Brown's guilt under *Brady* and likely to have changed the verdict under *Giglio*. In addition, the order does not cite to any case law. Thus, we reverse and remand to the trial court to make specific findings on what basis the court is

granting a new trial. We decline to address the State's remaining arguments because this issue is dispositive. *See Berberich v. Jack*, 392 S.C. 278, 294, 709 S.E.2d 607, 616 (2011) (stating that due to the court's reversal and remand on other grounds, the court need not address the appellant's remaining issues).

**CONCLUSION**

Accordingly, the decision of the trial court is

**REVERSED and REMANDED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.