**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nancy Elaine Carswell, Appellant.

Appellate Case No. 2019-001818

———————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-073
Submitted January 1, 2022 – Filed February 16, 2022

———————

**AFFIRMED**

———————

Appellate Defender Adam Sinclair Ruffin, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree M. Muller, both of Columbia; and Solicitor David R. Wagner, Jr., of Anderson, all for Respondent.

———————

**PER CURIAM:** Nancy Elaine Carswell appeals her conviction for possession with intent to distribute methamphetamine and sentence of twelve years' imprisonment. On appeal, she argues the trial court abused its discretion by

denying her a continuance to secure the presence at the suppression hearing of two defense witnesses who failed to comply with subpoenas issued by defense counsel.

The trial court did not abuse its discretion in denying Carswell's motion for a continuance because Carswell failed to comply with all procedural requirements of Rule 7(b), SCRCrimP, and failed to sufficiently establish the materiality of the absent witnesses.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, [appellate courts] will review errors of law only . . . . [and are] bound by the trial court's factual findings unless they are clearly erroneous."); *State v. McMillian*, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) ("A trial [court's] denial of a motion for continuance will not be disturbed absent a clear abuse of discretion.  Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth."); Rule 7(b), SCRCrimP ("No motion for continuance of trial shall be granted on account of the absence of a witness without the oath of the party, his counsel, or agent" attesting that "the testimony of the witness is material to the support of the action or defense of the party moving; the motion is not intended for delay, but is made solely because he cannot go safely to trial without such testimony;" and the party has exercised "due diligence to procure the testimony of the witness . . . ."); *State v. Colden*, 372 S.C. 428, 438, 641 S.E.2d 912, 918 (Ct. App. 2007) ("All components of Rule 7(b), SCRCrimP, including that of the attestation under oath, are strictly required, and a party asking for a continuance must show due diligence in trying to procure the testimony of the witness . . . ."); *State v. Cardwell*, 425 S.C. 595, 601, 824 S.E.2d 451, 454 (2019) ("[T]he inevitable discovery doctrine provides that illegally obtained information may nevertheless be admissible if the prosecution can establish by a preponderance of the evidence that the information would have ultimately been discovered by lawful means."); *State v. Nelson*, 431 S.C. 287, 306, 847 S.E.2d 480, 491 (Ct. App. 2020) ("Our courts have long recognized a defendant's constitutional right to compulsory process may be violated if the defendant is forced to go forward in a trial without the presence of a *material* witness." (emphasis added)).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.