**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marissa Cohen, Appellant.

Appellate Case No. 2020-000134

———————

Appeal From Georgetown County
Kristi F. Curtis, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-395
Submitted October 1, 2022 – Filed November 2, 2022

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, and Solicitor Jimmy A.
Richardson, II, of Conway, for Respondent.

———————

**PER CURIAM:** Marissa Cohen appeals her conviction and ten-year sentence for unlawful conduct toward a child. On appeal, Cohen argues the trial court erred in denying her motion for a directed verdict because the State failed to prove that she

placed her son at an unreasonable risk of harm, unlawfully or maliciously caused bodily harm to her son, or willfully abandoned her son.

We hold the trial court did not abuse its discretion in denying Cohen's motion for a directed verdict because the record contains substantial circumstantial evidence that Cohen placed her son at an unreasonable risk of harm by failing to account for his whereabouts the night she arranged for her mobile home to be burned down. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) (stating that, in criminal cases, this court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous); *id.* ("On review, this [c]ourt is limited to determining whether the trial court abused its discretion."); *State v. Pope*, 410 S.C. 214, 221, 763 S.E.2d 814, 818 (Ct. App. 2014) ("An abuse of discretion occurs when the [trial] court's decision is unsupported by the evidence or controlled by an error of law."); *Edwards*, 384 S.C. at 508, 682 S.E.2d at 822 ("This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (explaining that a defendant "is entitled to a directed verdict" only if "the [S]tate fails to produce evidence of the offense charged"); *id.* ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *id.* at 292, 625 S.E.2d at 648 ("When reviewing a denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); S.C. Code Ann. § 63-5-70(A) (2010) ("It is unlawful for a person . . . who is the parent or guardian of a child . . . to: (1) place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety; (2) do or cause to be done unlawfully or maliciously any bodily harm to the child so that the life or health of the child is endangered or likely to be endangered; or (3) wilfully abandon the child."); *S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 280, 744 S.E.2d 591, 597 (Ct. App. 2013) ("[T]he legislature may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer, and the knowledge or ignorance of the act's criminal character is immaterial on the question of guilt."); *id.* ("The court must look to the language of the statute, construed in light of its purpose and design, to determine whether knowledge and intent are necessary elements of a statutory crime."); *State v. Jenkins*, 278 S.C. 219, 222, 294 S.E.2d 44, 45-46 (1982) (determining that "[b]y

failing to include 'knowingly' or other apt words to indicate criminal intent or motive" in a previous version of the statute, "the legislature intended that one who simply, without knowledge or intent that his act is criminal, fails to provide proper care and attention for a child or helpless person of whom he has legal custody, so that the life, health, and comfort of that child or helpless person is endangered or is likely to be endangered, violates . . . the Code"); *State v. Greene*, 423 S.C. 263, 275, 814 S.E.2d 496, 503 (2018) (determining the trial court properly denied an appellant's motion for a directed verdict on the charge of unlawful conduct toward a child when "the State presented ample evidence" to "permit the jury to logically and reasonably conclude that [a]ppellant's morphine consumption while breastfeeding 'place[d] the child at unreasonable risk of harm'" (alteration in original) (quoting § 63-5-70(A)(1))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.